# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | CASE NO. 1:08-cv-01896-GSA PC |
| Plaintiff, | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION, WITHOUT PREJUDICE |
| v. | |
| WARDEN M. VEAL, et al., | (Doc. 10) |
| Defendants. | |

Plaintiff Jamisi Jermaine Calloway, a state prisoner proceeding pro se and in forma pauperis, filed this civil action on December 10, 2008. On April 8, 2009, Plaintiff filed a motion seeking a preliminary injunction requiring Defendant Adams to transfer Plaintiff from California State Prison-Corcoran back to his regular prison of assignment, the California Medical Facility.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted);

Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

At this juncture, the Court does not yet have before it a case or controversy upon which Plaintiff may base a request for an injunction. Plaintiff's original complaint was dismissed for failure to state any claims upon which relief may be granted on February 19, 2009, and in a separate order issued concurrently with this order, Plaintiff's second amended complaint was stricken from the record for failure to comply with the Court's screening order. Once the Court has before it a pleading that states a claim for relief, thereby satisfying the actual case or controversy requirement, Plaintiff may seek preliminary injunctive relief that is sufficiently related to his cognizable legal claims to confer jurisdiction on the Court to award the relief sought. Lyons, 461 U.S. at 101; Jones,

1 | 444 F.3d at 1126; 18 U.S.C. § 3626(a)(1)(A).  Until such time, a request for preliminary injunctive
2 | relief is premature.
3 |     For the foregoing reasons, Plaintiff's motion for a preliminary injunction, filed April 8, 2009,
4 | is HEREBY DENIED, without prejudice.

7    IT IS SO ORDERED.

8    **Dated:  September 4, 2009**          /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE