# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASIMI JERMAINE CALLOWAY, | 1:08-cv-01896-GSA-PC |
| Plaintiff, | ORDER GRANTING IN PART DEFENDANTS' MOTION FOR LEAVE TO CONDUCT DEPOSITIONS BY VIDEOCONFERENCE |
| v. | |
| WARDEN M. VEAL, et al., | (Doc. 32.) |
| Defendants. | |

**I.   BACKGROUND**

Plaintiff Jasimi Jermaine Calloway, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 10, 2008, and a scheduling order was issued on June 14, 2011. This action is currently in the discovery phase, and on June 16, 2011, Defendants filed a motion pursuant to Rule 30(b)(4) seeking leave to conduct depositions of Plaintiff and all witnesses by videoconference. Fed. R. Civ. P. 30(b)(4).

**II.   RULE 30(b)(4) - DEPOSITION BY REMOTE MEANS**

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that "[t]he parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). Defendants request leave to conduct the deposition of Plaintiff, and all witnesses, via videoconference, due to budgetary conditions. Defendants seek to eliminate unnecessary travel expenses which would be incurred if defense counsel is required to travel to

Delano, where Plaintiff is incarcerated, to take Plaintiff's deposition. Defendants also assert that the California Department of Corrections and Rehabilitation is operating under severe financial constraints, which limit its travel expenditures.

Defendants have presented good cause to take Plaintiff's deposition by videoconference. Plaintiff is presently incarcerated at Kern Valley State Prison, in Delano, California, and is unable to easily travel for a deposition. Counsel for Defendants are located in Sacramento, California, and would incur travel expenses to conduct Plaintiff's deposition in Delano. Therefore, Defendants' request shall be granted with respect to Plaintiff's deposition. However, the Court declines to grant blanket permission to conduct all depositions of witnesses in this case by videoconference. Depositions by remote means may not be acceptable under all circumstances, and Defendants have not addressed the circumstances of individual witnesses, besides Plaintiff, they seek to depose.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' request to conduct depositions by videoconference is GRANTED IN PART and DENIED IN PART, as follows:

1. Good cause appearing, Defendants' request for leave to conduct Plaintiff's deposition by videoconference pursuant to Rule 30(b)(4) is GRANTED; and
2. Defendants' request for leave to conduct depositions of other witnesses in this case by videoconference is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **August 10, 2011**                    **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE