# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASIMI JERMAINE CALLOWAY, | 1:08-cv-01896-LJO-GSA-PC |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO AMEND COMPLAINT<br>(Doc. 48.) |
| WARDEN M. VEAL, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Jasimi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on December 10, 2008. (Doc. 1.) This action now proceeds on the Third Amended Complaint filed on October 5, 2009, on Plaintiff's Eighth Amendment claims, against defendant Dr. Wang for deliberate indifference to Plaintiff's serious medical needs, and against defendants C/O Hayward and C/O Oaks for use of excessive force.[1]  (Doc. 20.)  Pursuant to the scheduling order entered on June 14, 2011, the deadline for the parties to amend the pleadings was December 14, 2011. (Doc. 31.) Now pending is Plaintiff's motion to amend the complaint, filed on December 27, 2011. (Doc. 48.)

---

[1] On March 17, 2011, the Court dismissed all other claims and defendants from this action, under Rule 18(a) or for Plaintiff's failure to state a claim. (Doc. 24.)

1

II.     **MOTION TO AMEND COMPLAINT**

Plaintiff seeks leave to file a Fourth Amended Complaint to add five defendants for violation of his rights to due process, use of excessive force, and failure to provide adequate medical care.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has been served. Therefore, Plaintiff may not file a Fourth Amended Complaint without leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999))

Rule 15(a) is further limited by Rule 16. Once a district court has issued a pretrial scheduling order pursuant to Rule 16, which establishes a timetable to amend pleadings, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-608 (9th Cir. 1992). Thus, Plaintiff's ability to amend his complaint is governed by Rule 16(b), not Rule 15(a). See Id. (citing Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C.1987)) (party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under Rule 15).

Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, the "good cause" standard of Rule 16(b) primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983

Case 1:08-cv-01896-LJO -GSA   Document 53   Filed 04/02/12   Page 3 of 5

amendment). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Cf. Engleson v. Burlington Northern R.R. Co., 972 F.2d 1038, 1043 (9th Cir.1992) (carelessness not a ground for relief under Rule 60(b)); Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir.1971) (same), cert. denied, 405 U.S. 974 (1972); Smith v. Stone, 308 F.2d 15, 18 (9th Cir.1962) (same).

The Court set a schedule in this action on June 14, 2011, establishing a deadline of December 14, 2011, for the parties to amend the pleadings. (Doc. 31.) Thus, Plaintiff's motion to amend his complaint, filed *after* the deadline on December 27, 2011, is untimely. Plaintiff claims that he "discovered" the five new defendants by reviewing his Rules Violation Report [RVR-115 form], which was brought to his attention by Defendants' motion for summary judgment. (Reply, Doc. 51 ¶6; Exh. A to lodged Fourth Amended Complaint, Doc. 49 at 13-33.) Plaintiff claims that until Defendants filed their motion, he did not have evidence of the five new defendants' involvement. (Reply, Doc. 51 ¶6.)

The Court has reviewed Plaintiff's motion and his proposed Fourth Amended Complaint. Plaintiff seeks to add defendants C/O R. Mills, C/O T. Sears, Sergeant D. Canales, and Sergeant J. Moore, for their participation in the May 7, 2008 assault upon Plaintiff which is the subject of this action. Plaintiff alleges that each of these defendants deliberately assisted defendants Hayward and Oaks in assaulting Plaintiff by punching him, kicking him, and breaking his hand. Plaintiff also alleges that these four defendants denied him medical treatment along with defendant Dr. Wang. Plaintiff also seeks to add a fifth defendant, Lieutenant J. Callow, for violating his rights to due process by denying Plaintiff his right to question witnesses at his RVR 115 hearing.

In opposition to Plaintiff's motion, Defendants argue that it is highly unlikely that Plaintiff did not recall that four additional correctional officers participated in the alleged May 7, 2008 attack as opposed to the two officers he identified in his Third Amended Complaint. Defendants also argue that the due process claim Plaintiff wishes to add is identical to the one that was already dismissed by the Court. Defendants argue that the RVR 115 report of June 15, 2008 does not support Plaintiff's new allegations against the five new defendants or his claim of recent discovery of new information. Defendants also argue that Plaintiff's motion should be denied at this late stage of the

3

litigation as prejudicial to Defendants, because Defendants have already conducted written discovery in this case and responded to Plaintiff's discovery and motion to compel. Defendants maintain that if Plaintiff is allowed to amend the complaint, this lawsuit will be dramatically extended beyond the three years it has already lasted, allowing memories to fade even further.

The Court has examined the RVR 115 report of June 15, 2008 submitted by Plaintiff. (Exh. A to lodged Fourth Amended Complaint, Doc. 49 at 13-33.)  The report indicates at the bottom of each page that a copy of the report was given to Plaintiff on or before June 27, 2008, contradicting Plaintiff's claim that the report was "new" to him when he received a copy of it with Defendants' motion for summary judgment served on August 11, 2011. Further, the Court finds no evidence in the report that C/O R. Mills, C/O T. Sears, Sergeant D. Canales, or Sergeant J. Moore participated in the alleged May 7, 2008 assault against Plaintiff or denied him adequate medical care. Moreover, the Court agrees with Defendants that it is highly unlikely that Plaintiff would not have been aware until August 2011 that four officers, in addition to the two officers he identified in the Third Amended Complaint, participated in the assault against him in May 2008. With respect to the due process claim against Lieutenant Callow which Plaintiff seeks to add, the Court dismissed this claim on March 17, 2011, and Plaintiff has not shown that he is capable of curing the deficiencies previously found by the Court.

In light of the foregoing, the Court cannot find that Plaintiff has been diligent in amending the complaint before the December 14, 2011 deadline in the Court's scheduling order. Plaintiff has already filed four complaints in this action within three years, and his present motion to amend was filed after the deadline established by the Court's scheduling order. Plaintiff has not shown good cause for the Court to modify the scheduling order to grant him leave to amend at this stage of the proceedings. Therefore, Plaintiff's motion to amend shall be denied.

///
///
///
///
///

**III.     CONCLUSION**

Based on the foregoing, the Court finds that Plaintiff has not shown good cause for the Court to allow him to amend the complaint at this time. Therefore, IT IS HEREBY ORDERED that Plaintiff's motion to amend, filed on December 27, 2011, is DENIED.

IT IS SO ORDERED.

**Dated:   April 2, 2012**                          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE