# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASIMI JERMAINE CALLOWAY, | 1:08-cv-01896-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (Doc. 42.) |
| v. | ORDER FOR PLAINTIFF TO EITHER: |
| WARDEN M. VEAL, et al., | (1) FILE A MOTION TO WITHDRAW DISCOVERY REQUESTS, RE-OPEN DISCOVERY, AND SERVE NEW DISCOVERY REQUESTS; OR |
| Defendants. | (2) FILE WRITTEN NOTICE THAT HE DOES NOT WISH TO SERVE NEW DISCOVERY REQUESTS |
| | THIRTY DAY DEADLINE |

## I. BACKGROUND

Jasimi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on December 10, 2008. (Doc. 1.) This action now proceeds on the Third Amended Complaint filed on October 5, 2009, on Plaintiff's Eighth Amendment claims, against defendant Dr. Wang for deliberate indifference to Plaintiff's serious medical needs, and against defendants C/O Hayward and C/O Oaks for use of excessive force.[1] (Doc. 20.)

---

[1] On March 17, 2011, the Court dismissed all other claims and defendants from this action, under Rule 18(a) or for Plaintiff's failure to state a claim. (Doc. 24.)

1

1   On June 14, 2011, the Court issued a Discovery/Scheduling Order in this action, establishing
2   a deadline of February 14, 2012 for the parties to complete discovery, including the filing of motions
3   to compel. (Doc. 31.) On September 8, 2011, Plaintiff filed a motion to compel. (Doc. 42.) On
4   September 20, 2011, Defendants filed an opposition. (Doc. 44.) Plaintiff did not file a timely reply.
5   Plaintiff's motion to compel is now pending before the Court.

**II.     PLAINTIFF'S ALLEGATIONS[2]**

Plaintiff is presently incarcerated at Kern Valley State Prison in Delano, California. The events at issue allegedly occurred while Plaintiff was incarcerated at Corcoran State Prison in Corcoran, California.

On May 7, 2008, after Plaintiff reported he was suffering from severe chest pain, he was escorted by wheelchair to the E.R. for emergency medical care. As Plaintiff stood up from the wheelchair to be weighed by a nurse, C/O Oaks held the chair and C/O Hayward grabbed Plaintiff's right bicep and began deliberately hurting him. Plaintiff had recently had an I.V. in the bicep, during surgery at Mercy Hospital, and both C/Os Hayward and Oaks were aware of Plaintiff's disability. Plaintiff told C/O Hayward to stop hurting him and pulled off C/O Hayward's tight grip which was cutting off Plaintiff's circulation. C/O Hayward jumped away in self-defense and began striking Plaintiff in the head and face. C/O Oaks struck Plaintiff on his back and head. The emergency alarm was activated and C/O Hayward started screaming to other arriving officers that it was a staff assault. Plaintiff alleges he never tried to assault staff, and he was being assaulted himself. Plaintiff went in and out of consciousness and could not defend himself. Sometime during the assault, Plaintiff's handcuffs were taken off one hand, and his other hand was stomped. Both arms were twisted behind his back, and both shoulders were dislocated. Plaintiff was thrown onto a gurney and his hands were chained to the gurney.

Plaintiff's wounds were cleaned up and his left hand was wrapped. Dr. Wang ordered Plaintiff to be taken back to his housing, to be followed up with an x-ray to determine if his hand was

---

[2]This summary includes Plaintiff's allegations against defendants Oaks, Hayward, and Wang in the Third Amended Complaint, upon which the Court based its finding that Plaintiff stated the cognizable claims upon which this case now proceeds. (See Court's Screening Order, Doc. 24.)

2

broken.  For almost a week, Plaintiff had no medical treatment because Dr. Wang failed to follow up while he helped the administration cover up the assault, deliberately delaying the x-rays and medical treatment.  Plaintiff's hand was found to be fractured, and he was referred to the E.R. to be sent out for a cast, but instead he was sent back to housing for weeks.  Plaintiff's hand became deformed from not being set in place.  By the time he saw the bone specialist, it was too late because the hand had already started healing.

### III.     PLAINTIFF'S CLAIMS

#### A.     Eighth Amendment Medical Care Claim

The Court found that Plaintiff states a cognizable claim against defendant Dr. Wang for deliberate indifference to Plaintiff's serious medical needs, for failing to follow up on Plaintiff's left hand injury while he helped the administration cover up the assault, resulting in a deformity of Plaintiff's left hand because it healed without being set.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of

///

deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

### B.   Eighth Amendment Excessive Force Claim

The Court found that Plaintiff states a cognizable claim for excessive force against defendant C/O Hayward for squeezing Plaintiff's bicep, and against C/O Hayward and C/O Oaks for assaulting him.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson, 503 U.S. at 8. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

///

### IV. MOTION TO COMPEL

#### A. Federal Rules of Civil Procedure 26(b), 33(a), 34(a), 36(a), and 37

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 33, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Under Rule 33(a)(1), "unless otherwise stipulated or ordered by the court," one party may serve on another party "no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1).

Under Rule 36, "[A] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)(3). Rule 37(a)(2)(B) empowers a propounding party to bring a motion to compel discovery responses " if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move

for ... an order compelling inspection in accordance with the request." Fed. R. Civ. P. 37(a)(2)(B). An evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). The failure to respond to document requests "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for protective order." Fed. R. Civ. P. 37(d). It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

**B.  Plaintiff's Motion**

Plaintiff seeks a court order compelling Defendants to respond to his thirty-eight requests for admissions and eight interrogatories, and to produce documents including personnel files and psychiatric records.

*Requests for Admissions*

Plaintiff argues that Defendants should be compelled to make a yes-or-no answer to each of his thirty-eight requests for admissions, because Defendants refused to provide responses and instead objected to the requests as compound and ambiguous, in order to undermine Plaintiff's rights to discovery and deliberately cause a delay.

Defendants assert that on July 5, 2011, Plaintiff served on defense counsel "Requests for Admissions Pursuant to Rule 36 Fed. R. Civ. P. Within 30 Days of Service" ("Requests"). (Declaration of Leslie R. Wagley ("Wagley Decl."), Doc. 44-1 Exh. A.) Defendants objected to each of Plaintiff's Requests and informed Plaintiff that they would not object to Plaintiff's withdrawal of the Requests and resubmission of separate, clearly defined requests for admissions made in compliance with Rule 36(a). (Id. Exh. D at 2:17-23.)

Defendants argue that they should not be compelled to make a further response, because the Requests were not directed to any specific defendant, making it uncertain from which defendant Plaintiff was seeking responses. Further, Defendants argue that the Requests were vague, overbroad,

6

and mostly undecipherable; contained no information with regard to time, persons, or place; and required the unidentified respondent to assume information in order to respond. Defendants maintain they have made proper objections to Plaintiff's Requests for Admissions.

### *Interrogatories*

Plaintiff argues that Defendants refused to answer his interrogatories or produce relevant documents, instead objecting to the interrogatories as vague and ambiguous, undermining Plaintiff's rights to discovery, deliberately causing a delay, and withholding evidence of newly discovered defendants.

Defendants assert that on July 5, 2011, Plaintiff served on defense counsel a "Request for Interrogatories and Request for Production of Documents Pursuant to Rules 33 and 34 Fed. R. Civ. P. Within 30 Days of Service" ("Interrogatories"). (Wagley Decl., Doc. 44-1 Exh. B.) In response, Defendants advised Plaintiff that the combination of interrogatories and requests for production of documents is not allowed under the Federal Rules of Civil Procedure and that the requests needed to be directed to an individual defendant. Defendants objected to each of the Interrogatories and suggested that Plaintiff withdraw his Interrogatories, prepare them pursuant to the Rules, and re-serve them on Defendants. (Id., Exh. E, Doc. 44-2 at 20:20-22.) Defendants stated that they would not count the Interrogatories against Plaintiff's limit of 25 interrogatories. (Id. at 20:23-25.)

Defendants argue that they should not be compelled to make further responses, because the Interrogatories are not directed to the proper parties, and Defendants are prevented from making specific objections for each defendant. Defendants maintain they have made proper objections to Plaintiff's Interrogatories.

### *Request for Personnel Files and Psychiatric Records*

Plaintiff argues that Defendants refused to turn over records and documents requested by Plaintiff and instead objected because Plaintiff inadvertently used the wrong year to refer to the incident at issue. Plaintiff maintains that Defendants are focusing on "small harmless errors" and misspellings in his Requests, (Motion, Doc. 42 at 5:12), and that Defendants will cite "safety matters" to avoid ever providing records to Plaintiff. (Id. at 5:17-18.) Plaintiff claims the documents he requests are relevant to show Defendants' state of mind when they assaulted Plaintiff, to show

a pattern of inmate abuse, and to provide evidence of additional defendants to be named in an amended complaint. Without the personnel and psychiatric records, Plaintiff claims it will be impossible for him to take Defendants' depositions.

Defendants assert that on July 5, 2011, Plaintiff served on defense counsel a "Request for Discovery of Personnel Files and Psychiatric Records and Documents Pursuant to Rule 34(a) Fed. R. Civ. P. Within 45 Days of Service" ("Request for Discovery"). (Wagley Decl., Doc. 44-1 Exh. C.) Defendants advised Plaintiff that his requests in the Request for Discovery, which were not directed to any particular defendant, were not proper under Rule 34. (Id. Exh. F at 2:5-12.) Defendants made objections and suggested to Plaintiff that he could withdraw his requests and resubmit separate, clearly defined document requests. (Id. at 2:13-16.)

Defendants maintain that they have attempted to work with Plaintiff, and that there is no evidence to support Plaintiff's claim that Defendants will never turn over records. Defendants argue that individual defendants' personnel files, medical records, and psychiatric records are privileged documents, and Plaintiff has not shown a compelling need for them. Defendants also argue that Plaintiff appears to seek irrelevant information about complaints filed against Defendants, and about policies regarding the inmate grievance process, escorting inmates, and making outside medical appointments. Defendants also object to Plaintiff's Request for Discovery because the requests are limitless in time, requiring Defendants to conduct an inquiry of every person who ever worked at the institution, which is burdensome and harassing. Defendants maintain they have made proper objections to Plaintiff's Request for Discovery.

**C.  Discussion**

Defendants shall not be required to make further responses to the discovery requests served upon them by Plaintiff on July 5, 2011. Plaintiff's arguments in the motion to compel are insufficient to prevail. Plaintiff's general statements that Defendants refused to respond to his requests for discovery, improperly objected to his requests as compound and ambiguous, and refused to provide relevant are not specific enough. Plaintiff has not individually addressed each of Defendants' responses to his requests and interrogatories. The Court cannot be expected to guess why Plaintiff believes each of Defendants' objections is improper.

     Further, some of Plaintiff's discovery requests are not relevant to the claims upon which this case now proceeds. For example, whether defendants Hayward and Oaks improperly escorted Plaintiff to the E.R. without a medical assistant is not relevant to whether they used excessive force on Plaintiff after arriving at the E.R. Plaintiff asserts in the motion to compel that he is seeking damages for racial discrimination and municipal liability in this action; however, this case now proceeds only on Plaintiff's Eighth Amendment claims, against defendant Dr. Wang for inadequately treating Plaintiff's hand, against defendant C/O Hayward for squeezing Plaintiff's bicep, and against C/O Hayward and C/O Oaks for assaulting Plaintiff.

     Moreover, Plaintiff has not directed his requests for discovery to a particular respondent. Plaintiff may not address his requests to all of the Defendants together, because this prevents individual defendants from making different responses to the same request. Also, many of Plaintiff's requests are not specific enough or limited in scope. Defendants are not required to respond to requests that are vague, ambiguous, overbroad, or compound.

     Defendants have indicated that they will agree to allow Plaintiff to withdraw the discovery requests he served on July 5, 2011 and submit new, separate, clearly defined requests that are addressed to individual defendants and comply with discovery rules. To that end, the Court shall allow Plaintiff the opportunity to file a motion to re-submit his discovery requests. Within thirty days, Plaintiff shall be required to either file a motion to serve new discovery requests, or notify the Court that he does not wish to do so. Should Plaintiff choose to file the motion, he must also request that discovery be re-opened, as the discovery deadline for this action expired on February 14, 2012.

     Plaintiff is advised that pursuant to the Court's Discovery/Scheduling Order of June 14, 2011, Defendants' responses to his written discovery are not due until forty-five days after the request is first served, and Plaintiff must serve the requests at least forty-five days before the discovery deadline. (Doc. 31 ¶¶2,3.) Plaintiff should review the Court's Discovery/Scheduling Order for further information concerning the discovery process.

## V.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to compel, filed on September 8, 2011, is DENIED;

9

2. Plaintiff is granted the opportunity to file a motion to withdraw the written discovery requests he served upon Defendants on July 5, 2011 and serve new discovery requests;

3. Within thirty days from the date of service of this order, Plaintiff is required to either:

   (1) file a motion to withdraw discovery requests, re-open discovery, and serve new discovery requests; or

   (2) file written notice that he does not wish to serve new discovery requests; and

4. Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:  **April 4, 2012**                              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE