IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASIMI JERMAINE CALLOWAY, | 1:08-cv-01896-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR DEPOSITIONS BY WRITTEN QUESTIONS (Doc. 43.) |
| vs. | |
| WARDEN M. VEAL, et al., | |
| Defendants. | |

**I.  BACKGROUND**

Jasimi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. A scheduling order was issued on June 14, 2011, establishing a deadline of February 12, 2012 in this action for the parties to complete discovery. (Doc. 31.) On September 8, 2011, Plaintiff filed a request for depositions by written questions. (Doc. 43.) On September 20, 2011, Defendants filed an opposition. (Doc. 45.)

**II.  DEPOSITION BY WRITTEN QUESTIONS**

By definition, "a 'deposition' is the examination under oath by 'oral questions' of a party or deponent." Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 275 (C.D.Cal, 2008.) A party who wants to depose a person by oral questions must give written notice to every other party, stating the time and place of the deposition. Fed. R. Civ. P. 30(b)(1). "Where a deponent is not a party to the action,

he can be compelled to appear at a deposition examination only by issuance of a subpoena" pursuant to Rule 45. Cleveland v. Palmby, 75 F.R.D. 654, 656 (W.D.Okl. 1977.) "Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28." Fed. R. Civ. P. 30(b)(5)(A). Under Rule 30(c)(3), instead of participating in the oral examination, a party may serve written questions in a sealed envelope on the party noticing the deposition, who must deliver them to the officer[, and t]he officer must ask the deponent those questions and record the answers." Fed. R. Civ. P. 30(c)(3). Rule 31(a)(1) allows a party, by written questions, to depose any person, including a party, without leave of court, with exceptions not present here. Fed. R. Civ. P. 31(a)(1). A party who wants to depose a person by written questions must serve them on every other party with a notice which includes the name or descriptive title and the address of the officer before whom the deposition will be taken. Fed. R. Civ. P. 31(a)(3).

Plaintiff seeks to take depositions by written questions, pursuant to Federal Rules of Civil Procedure 30(c) and 31(a)(1). Plaintiff has submitted to the Court seven sets of written "cross-questions," one for each of seven named "witnesses." (E.g., Request, Doc. 43 at 1:16-17.) The seven "witnesses" include Hayward, Oaks, R.N. Ceballos, Sergeant Moore, Sergeant Canales, Spears, and R.N. Crawford. Plaintiff requests that the depositions of these witnesses be held at Corcoran State Prison or another CDCR state prison.

In opposition, Defendants argue that Plaintiff's request lacks proper notice to the "witnesses" and fails to identify any officer to take the deposition as required by Rule 31. Defendants assert that Plaintiff's request is not addressed to one party, does not adequately identify the "witnesses," and was filed with the Court rather than served on the "witnesses." Defendants contend that Plaintiff's questions are unintelligible as phrased and require the "witness" to speculate as to the information sought, as the questions contain no time perimeters or identifying information, and use vague and ambiguous terms. Defendants also assert that Plaintiff fails to identify the source of payment for the preparation of transcripts of his requested depositions. Defendants advise Plaintiff that the information Plaintiff seeks from defendants Oaks and Hayward can be obtained through proper use of interrogatories under Rule 33, which would not raise the issue of transcripts or use of an officer.

It appears that Plaintiff is requesting the Court to schedule depositions at Corcoran State Prison or another CDCR prison for his seven named "witnesses," appoint an officer to ask the "witnesses" the written questions submitted by Plaintiff, and arrange for an officer to record the answers, without cost to Plaintiff. While it is true that Plaintiff is proceeding in forma pauperis in this action, this status does not entitle Plaintiff to free services such as scheduling, conducting, and recording depositions. Plaintiff was advised in the Court's order of August 22, 2011, that if he wished to conduct oral or written depositions, he must review Rules 28, 30, 31, and 45 of the Federal Rules of Civil Procedure and if, after reviewing the rules, he believed he was able to conduct depositions in compliance with the rules, Plaintiff "shall notify the Court and make a showing that he is able and willing to retain an officer to take responses and prepare the record." (Doc. 41 at 2:8-17.) Plaintiff has not made such a showing. Therefore, Plaintiff's request for depositions by written questions shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for depositions by written questions is DENIED.

IT IS SO ORDERED.

Dated: **April 4, 2012**         /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE

3