1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASIMI JERMAINE CALLOWAY, | 1:08-cv-01896-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW DISCOVERY REQUESTS, |
| v. | RE-OPEN DISCOVERY, AND SERVE NEW DISCOVERY REQUESTS, WITHOUT |
| WARDEN M. VEAL, et al., | PREJUDICE TO RENEWAL WITHIN THIRTY DAYS, AS INSTRUCTED BY THIS ORDER |
| Defendants. | (Doc. 62.) |

I.      **RELEVANT PROCEDURAL HISTORY**

Jasimi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on December 10, 2008. (Doc. 1.) This action now proceeds on the Third Amended Complaint filed on October 5, 2009, on Plaintiff's Eighth Amendment claims, against defendant Dr. Wang for deliberate indifference to Plaintiff's serious medical needs, and against defendants C/O Hayward and C/O Oaks for use of excessive force.[1] (Doc. 20.)

On April 25, 2012, Plaintiff filed a motion to withdraw his previous discovery requests, reopen discovery, and serve new discovery requests. (Doc. 62.) On May 8, 2012, Defendants filed an opposition. (Doc. 63.) Plaintiff did not file a reply. Plaintiff's motion is now before the Court.

---

[1] On March 17, 2011, the Court dismissed all other claims and defendants from this action, under Rule 18(a) or for Plaintiff's failure to state a claim. (Doc. 24.)

1

## II.   BACKGROUND

On September 8, 2011, Plaintiff filed a motion to compel Defendants to respond to his thirty-eight requests for admissions and eight interrogatories, and to produce documents including personnel files and psychiatric records. (Doc. 42.) In their opposition filed on September 20, 2011, Defendants argued that Plaintiff's requests for admissions were vague, overbroad, and mostly undecipherable; contained no information with regard to time, persons, or place; and required the unidentified respondent to assume information in order to respond. (Doc. 44.) Defendants also argued that Plaintiff had improperly combined interrogatories and requests for production of documents, and that the requests were not directed to individual defendants. Id.

Defendants indicated to Plaintiff that they would not object to Plaintiff's withdrawal of the requests for admissions and re-submission of separate, clearly defined requests for admissions made in compliance with Rule 36(a). Id., Exh. D at 2:17-23. Defendants also suggested that Plaintiff withdraw his interrogatories, prepare them pursuant to the Rules, and re-serve them on Defendants. Id., Exh. E, Doc. 44-2 at 20:20-22. Defendants stated that they would not count the Interrogatories against Plaintiff's limit of 25 interrogatories. Id. at 20:23-25. Defendants also suggested to Plaintiff that he could withdraw his requests for production of documents and re-submit separate, clearly defined document requests. Id. at 2:13-16.

On April 4, 2012, the Court issued an order denying Plaintiff's motion to compel and requiring Plaintiff to either (1) file a motion to withdraw his discovery request, re-open discovery, and serve new discovery requests, or (2) file written notice that he does not wish to serve new discovery requests.

## III.   PLAINTIFF'S MOTION

In response to the Court's order of April 4, 2012, Plaintiff brings a motion to withdraw his discovery requests, re-open discovery, and serve new discovery requests on defendants Oaks, Hayward, and Wang, pursuant to Rules 33, 34, and 36.

In opposition, Defendants refer to "discovery requests attached" which are "completely objectionable." Opp'n, Doc. 63 at 3:9-10. Defendants argue that allowing Plaintiff to serve these improper requests will only delay this litigation further, as defendants will be forced to object, again,

1  and likely file a motion for protective order. Defendants maintain that Plaintiff has not shown a

2  compelling need for the personnel files, medical records, and psychiatric records he requests.

3  **IV.   DISCUSSION**

4          The Court has not seen the proposed discovery requests described by Defendants. Plaintiff

5  did not submit any proposed requests for the Court's review, and Defendants did not submit copies

6  of the requests with their opposition. Plaintiff has not replied to Defendants' opposition to explain

7  his intent. Thus, the Court does not have sufficient information to make a ruling. Therefore,

8  Plaintiff's motion shall be denied, without prejudice to renewal of the motion within thirty days.

9          If Plaintiff chooses to renew the motion, he must submit his proposed discovery requests with

10 the motion to the Court for review. Plaintiff is cautioned that he must comply with the Federal Rules

11 when preparing his discovery requests. Under Rule 26, Plaintiff may only "obtain discovery

12 regarding any ***nonprivileged matter*** that is ***relevant*** to any party's claim or defense." Fed. R. Civ.

13 P. 26(a) (emphasis added). Evidence is relevant only if (a) it has any tendency to make a fact more

14 or less probable than it would be without the evidence, and (b) the fact is of consequence in

15 determining the action. Fed. R. Evid. 401. Discovery in this case must be relevant to Plaintiff's

16 Eighth Amendment claims for excessive force and inadequate medical care. Plaintiff is also

17 cautioned that his discovery requests must be legible, concise, and clearly understandable, and each

18 request must be directed to a specific defendant. Each interrogatory should contain only one

19 question, and Plaintiff should only request specific, identifiable documents limited in time and scope.

20 It must be apparent to the Court that Plaintiff has made a good faith effort to follow these guidelines,

21 or his motion will not be granted. The Clerk shall be directed to send Plaintiff copies of Rules 26,

22 33, 34, and 36 for his review.

23 **V.    CONCLUSION**

24          Based on the foregoing, IT IS HEREBY ORDERED that:

25          1.      Plaintiff's motion to withdraw his discovery requests, re-open discovery, and serve

26                  new discovery requests, filed on April 25, 2012, is DENIED, without prejudice to

27                  renewal of the motion **within thirty days** from the date of service of this order, as

28                  instructed by this order; and

2.      The Clerk is directed to send Plaintiff copies of Rules 26, 33, 34, and 36 of the

Federal Rules of Civil Procedure.


IT IS SO ORDERED.

**Dated:**    **September 27, 2012**                      _____ **/s/ Gary S. Austin**_____
                                                         UNITED STATES MAGISTRATE JUDGE

4