UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>   Plaintiff,<br><br> vs.<br><br>DR. WANG, et al.,<br><br>   Defendants. | 1:08-cv-01896-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL OR EXPERT WITNESS<br>(Doc. 86.) |

## I. BACKGROUND

Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff filed the Complaint commencing this action on December 10, 2008. (Doc. 1.) This case now proceeds on the Third Amended Complaint, filed by Plaintiff on October 5, 2009, against defendants Correctional Officer ("C/O") Oaks and C/O Hayward, for use of excessive force in violation of the Eighth Amendment.[1] (Doc. 20.)

On May 1, 2013, Plaintiff filed a motion for appointment of counsel, or in the alternative, for an expert witness. (Doc. 86.)

---

[1] On March 19, 2011, the Court found that Plaintiff stated cognizable Eighth Amendment claims against defendants Wang, Oaks, and Hayward, and dismissed all other claims and defendants from this action under Fed. R. Civ. P. 18(a). (Doc. 24.) On April 22, 2013, the Court granted defendant Wang's motion for summary judgment and entered judgment in favor of defendant Wang. (Docs. 84, 85.)

## II. APPOINTMENT OF COUNSEL

Plaintiff requests court-appointed counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. The Court has reviewed Plaintiff's allegations of excessive force and cannot determine at this juncture that Plaintiff is likely to succeed on the merits. To succeed, Plaintiff must prove that defendants Oaks and Hayward applied force against him maliciously and sadistically to cause harm, and not in a good-faith effort to restore discipline. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992). Based on the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims and respond to court orders. The court notes that Plaintiff has filed other cases pro se in this district and appears able to navigate the federal court system. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Moreover, Plaintiff's claim – that he was subjected to excessive force – is not complex, and the court is faced with similar cases almost daily. Therefore, Plaintiff's motion for appointment of counsel shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

///

### III.  APPOINTMENT OF EXPERT WITNESS

In the alternative, Plaintiff requests a court-appointed expert witness.  The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress, see Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted), and the in forma pauperis statute does not authorize the expenditure of public funds for the purpose sought by Plaintiff in the instant request.  Therefore, Plaintiff's motion for appointment of an expert witness shall be denied.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for the appointment of counsel or an expert witness, filed on May 1, 2013, is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 10, 2013**                          **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE