1

2

3

4

5                              UNITED STATES DISTRICT COURT

6                              EASTERN DISTRICT OF CALIFORNIA

7

8    JAMISI JERMAINE CALLOWAY,              | 1:08-cv-01896-LJO-GSA-PC

9              Plaintiff,                    | ORDER DENYING MOTION FOR
                                             | RECONSIDERATION OF MAGISTRATE
10        vs.                                | JUDGE' ORDER
                                             | (Doc. 92.)
11   DR. WANG, et al.,

12

13            Defendants.

14

15   **I.      BACKGROUND**

16        Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se and in

17   forma pauperis with this civil rights action pursuant to 42 U.S.C. §1983.  Plaintiff filed the

18   Complaint commencing this action on December 10, 2008.  (Doc. 1.)  This case now proceeds

19   on the Third Amended Complaint, filed by Plaintiff on October 5, 2009, against defendants

20   Correctional Officer ("C/O") Oaks and C/O Hayward, for use of excessive force in violation of

21   the Eighth Amendment.[1]  (Doc. 20.)

22        On May 28, 2013, Plaintiff filed objections to Magistrate Judge Gary S. Austin's order

23   denying Plaintiff's motion for appointment of counsel, or in the alternative, an expert witness.

24   (Doc. 92.)  Plaintiff requests reconsideration of the Magistrate Judge's order by District Judge

25   Lawrence J. O'Neill, who is the presiding judge in this case.  (Id. at 3:24-27.)  The Court

26   _____

27        [1] On March 19, 2011, the Court found that Plaintiff stated cognizable Eighth Amendment claims against
     defendants Wang, Oaks, and Hayward, and dismissed all other claims and defendants from this action under Fed.
     R. Civ. P. 18(a).  (Doc. 24.)  On April 22, 2013, the Court granted defendant Wang's motion for summary
28   judgment and entered judgment in favor of defendant Wang.  (Docs. 84, 85.)

                                              1

therefore construes Plaintiff's objections as a motion for reconsideration by the District Judge of the Magistrate Judge's order issued on May 10, 2013.

## II.      MOTION FOR RECONSIDERATION BY DISTRICT JUDGE

### A.      Legal Standard

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge ... specifically designat[ing] the ruling, or party thereof, objected to and the basis for that objection.  This request shall be captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'" Local Rule 303(c).  "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."  Local Rule 303(f).

### B.      Plaintiff's Motion

Plaintiff seeks reconsideration of the Magistrate Judge's order of May 10, 2013, which denied Plaintiff's May 1, 2013 motion for appointment of counsel, or in the alternative, an expert witness.  Plaintiff argues that he should be appointed counsel or an expert witness because his case is complex, based on his assertion that he is an end-stage renal patient undergoing hemodialysis and suffers from low blood sugar, low blood pressure, fatigue, exhaustion, and mental depression.  Plaintiff also claims that he suffers from severe agitation and anxiety due to excessive force used against him by defendants.

### Discussion

As Plaintiff was informed in the Magistrate Judge's order, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). The Magistrate Judge found that the Court could not determine at this juncture that Plaintiff is likely to succeed on the merits of his case. The Magistrate Judge also found that Plaintiff appears able to adequately articulate his claims and respond to court orders, that Plaintiff has filed other cases pro se in this district and appears able to navigate the federal court system, and that Plaintiff's excessive force claim is not complex. Plaintiff was granted leave to renew the motion at a later stage of the proceedings.

With respect to Plaintiff's request for appointment of an expert witness, Plaintiff was advised in the Magistrate Judge's order that the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress, see Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted), and the in forma pauperis statute does not authorize the expenditure of public funds for the purpose sought by Plaintiff in the instant request.

Plaintiff's argument that his case is complex because he suffers from end-stage renal disease, fatigue, agitation, anxiety, and mental depression is without merit. A plaintiff's poor health or state of mind are not relevant to whether the legal issues in his case are complex. Using applicable law, the Magistrate Judge found that the legal issues in Plaintiff's case – whether Plaintiff was subjected to excessive force in violation of the Eighth Amendment – are not complex. The Court finds no evidence that the Magistrate Judge's ruling was clearly erroneous or contrary to law. Therefore, the motion for reconsideration shall be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of the Magistrate Judge's ruling, filed on May 28, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **May 31, 2013**                              **/s/ Lawrence J. O'Neill**

UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28