UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DR. WANG, et al.,<br><br>　　　　Defendants. | 1:08-cv-01896-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND FOR INDIGENT COPY SERVICES AND SUPPLIES<br>(Doc. 109.) |

I. **BACKGROUND**

Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 10, 2008. (Doc. 1.) This action now proceeds on the Third Amended Complaint, filed by Plaintiff on October 5, 2009, against defendants Correctional Officers (C/O) Oaks and Hayward ("Defendants"), for use of excessive force.[1] (Doc. 20.)

On May 10, 2013, the court issued an order denying Plaintiff's motion for appointment of counsel filed on May 1, 2013. (Doc. 90.) On September 5, 2013, Plaintiff filed a motion for

---

[1] On March 17, 2011, the court dismissed all of the defendants from this action except defendants Dr. Wang, C/O Oaks, and C/O Hayward, based on violation of Rule 18(a) and Plaintiff's failure to state a claim. (Doc. 24.) On April 22, 2013, summary judgment was entered in favor of defendant Dr. Wang. (Doc. 85.)

1

reconsideration of the order.  (Doc. 109.)  Plaintiff also requested a court order requiring Corcoran State Prison to provide him with indigent copy services.  Id.

Plaintiff's motion for reconsideration and motion for indigent copy services are now before the court.

## II.     MOTION FOR RECONSIDERATION

The Court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  L.R. 230(j).

Plaintiff has not set forth any argument, facts, or law in support of his motion for reconsideration.  Therefore, the motion for reconsideration shall be denied.

## III.    MOTION FOR COURT ORDER

Plaintiff requests a court order requiring Corcoran State Prison to provide him with indigent copy services and supplies.   The Court lacks jurisdiction to issue an order granting Plaintiff's requested relief.  See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).  Moreover, the Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970).   Therefore, Plaintiff's motion for a court order shall be denied.

///

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is DENIED; and
2. Plaintiff's motion for a court order directing prison officials to provide him with indigent copy services and supplies is DENIED.

IT IS SO ORDERED.

Dated: **September 15, 2013**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE