1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JAMISI JERMAINE CALLOWAY,                    1:08-cv-01896-LJO-GSA-PC

12              Plaintiff,                        ORDER DENYING MOTION FOR
                                                  RECONSIDERATION OF COURT'S
13        vs.                                     ORDER OF AUGUST 5, 2013
                                                  (Doc. 108.)
14   DR. WANG, et al.,

15              Defendants.

16

17   **I.      BACKGROUND**

18        Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se in this civil

19   rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this

20   action on December 10, 2008.  (Doc. 1.)  This action now proceeds on the Third Amended

21   Complaint, filed by Plaintiff on October 5, 2009, against defendants Correctional Officers

22   (C/O) Oaks and Hayward ("Defendants"), for use of excessive force.[1]  (Doc. 20.)

23        On August 5, 2013, the court issued an order denying Plaintiff's motion for the court to

24   schedule a settlement conference and trial in this action.  (Doc. 97.)  On September 5, 2013,

25   Plaintiff filed a motion for reconsideration of the court's order.  (Doc. 108.)

26   ──────────────

27        [1] On March 17, 2011, the court dismissed all of the defendants from this action except defendants Dr.
     Wang, C/O Oaks, and C/O Hayward, based on violation of Rule 18(a) and Plaintiff's failure to state a claim.
28   (Doc. 24.)  On April 22, 2013, summary judgment was entered in favor of defendant Dr. Wang.  (Doc. 85.)

                                                    1

**II.     MOTION FOR RECONSIDERATION**

The Court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  L.R. 230(j).

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Therefore, the motion for reconsideration shall be denied.

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that    Plaintiff's    motion    for reconsideration of the court's order of August 5, 2013, is DENIED.

IT IS SO ORDERED.

   Dated:   **September 15, 2013**                          **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE