UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>           Plaintiff,<br><br>      vs.<br><br>M. VEAL, et al.,<br><br>           Defendants. | 1:08-cv-01896-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTION FOR TRANSFER BE DENIED (Doc. 115.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY (20) DAYS |

**I.      BACKGROUND**

Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 10, 2008. (Doc. 1.)

On September 26, 2013, Plaintiff filed a motion to be transferred to another prison. (Doc. 115.)

**II.     MOTION FOR TRANSFER**

Plaintiff requests to be transferred out of the custody of Corcoran State Prison, where he is incarcerated, and away from treatment by Davita Inc. Health Care at the California Substance Abuse Treatment Facility, where he receives emergency medical care, to another facility, because he is being retaliated against by officers employed at both facilities. The Court lacks jurisdiction to issue an order requiring prison officials to transfer him based on retaliatory acts

occurring after this action was filed, because the Court does not have such a case or controversy before it in this action.[1]  See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  Therefore, Plaintiff's motion for transfer should be denied.

### III.     CONCLUSION AND RECOMMENDATION

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for transfer be DENIED.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **TWENTY(20)** days after being served with these findings and recommendation, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **October 17, 2013**                     **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] This action proceeds on Plaintiff's allegations of excessive force by defendants during an incident occurring on May 2, 2008.