UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>    Plaintiff,<br><br>    vs.<br><br>M. VEAL, et al.,<br><br>    Defendants. | 1:08-cv-01896-LJO-GSA-PC<br><br>ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL<br><br>THIRTY-DAY DEADLINE |

## I. BACKGROUND

Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 10, 2008. (Doc. 1.) This action now proceeds on the Third Amended Complaint filed on October 5, 2009, against defendants C/O Hayward and C/O Oaks, for use of excessive force in violation of the Eighth Amendment.[1] (Doc. 20.)

On June 14, 2011, the court issued a Discovery/Scheduling Order in this action, establishing pretrial deadlines for the parties to amend pleadings, conduct discovery, and file pretrial dispositive motions. (Doc. 31.) On April 23, 2012, defendants Hayward and Oaks

---

[1] On March 19, 2011, the Court found that Plaintiff stated cognizable Eighth Amendment claims against defendants Wang, Oaks, and Hayward, and dismissed all other claims and defendants from this action under Fed. R. Civ. P. 18(a). (Doc. 24.) On April 22, 2013, the Court granted defendant Wang's motion for summary judgment and entered judgment in favor of defendant Wang. (Docs. 84, 85.)

filed a motion for summary judgment.  (Doc. 56.)  On April 24, 2012, Plaintiff filed a motion for summary judgment.  (Doc. 57.)  On December 2, 2013, the court entered an order denying the parties' motions for summary judgment.  (Doc. 121.)  The pretrial deadlines have now expired.  At this stage of the proceedings, the court ordinarily proceeds to schedule the case for trial.

The court is able to refer cases for mediation before a participating United States Magistrate Judge.  Settlement conferences are ordinarily held in person at the Court or at a prison in the Eastern District of California.  Plaintiff and Defendants shall notify the court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the court.[2]

Defendants' counsel shall notify the court whether there are security concerns that would prohibit scheduling a settlement conference.  If security concerns exist, counsel shall notify the court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

## II. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall file a written response to this order.[3]

IT IS SO ORDERED.

Dated:   **December 3, 2013**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

[3] The issuance of this order does not guarantee referral for settlement, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.