UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>             Plaintiff,<br><br>   v.<br><br>C/O W. HAYWARD AND C/O J. OAKS,<br><br>             Defendants. | 1:08-cv-01896-LJO-GSA- PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL OR EXPERT WITNESS<br><br>(Document # 134) |

**I.    BACKGROUND**

Jamisi Jermaine Calloway ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on the Third Amended Complaint filed by Plaintiff on October 5, 2009, against defendants C/O Hayward and C/O Oaks for use of excessive force in violation of the Eighth Amendment.  (Doc. 20.)  This case is scheduled for jury trial on April 22, 2014, before District Judge Lawrence J. O'Neill.

On February 5, 2014, Plaintiff filed a motion seeking the appointment of counsel or the appointment of an expert witness.  (Doc. 134.)

///

1

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. A review of the record in this case shows that Plaintiff is responsive, adequately communicates, and is able to articulate his claims. The court notes that Plaintiff has filed several other cases pro se and appears able to navigate the federal court system. The legal issue in this case – whether defendants used excessive force – is not complex, and this court is faced with similar cases almost daily. Further, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Id. Therefore, Plaintiff's motion for the appointment of counsel shall be denied.

## III. MOTION FOR APPOINTMENT OF EXPERT WITNESS

In the alternative, Plaintiff requests a court-appointed expert witness. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress, see Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted), and the in forma pauperis statute does not authorize the expenditure of public funds for the purpose sought by Plaintiff in the instant request. Therefore, Plaintiff's motion for appointment of an expert witness shall be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for the appointment of counsel or an expert witness, filed on May 1, 2013, is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **February 6, 2014**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE