UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>C/O W. HAYWARD AND C/O J. OAKS, et al.,<br><br>　　　　Defendants. | 1:08-cv-01896-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL<br>(Doc. 138.) |

## I.  BACKGROUND

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Jamisi Jermaine Calloway, a state prisoner proceeding pro se and in forma pauperis. Plaintiff is presently housed at the California Health Care Facility in Stockton, California. This case is scheduled for jury trial to commence on April 22, 2014 at 8:30 a.m. before District Judge Lawrence J. O'Neill.

This case now proceeds with the Third Amended Complaint filed by Plaintiff on October 5, 2009, against defendants C/O W. Hayward and C/O J. Oaks, for use of excessive force in violation of the Eighth Amendment, based on an incident occurring on May 7, 2008 at Corcoran State Prison (CSP) in Corcoran, California. (Doc. 20.)

On February 18, 2014, Plaintiff filed a motion for the attendance of incarcerated witnesses at trial. (Doc. 138.) On March 10, 2014, Defendants filed an opposition to the motion. (Doc. 139.)

## II. MOTION FOR ATTENDANCE OF INMATE WITNESSES

In the Court's Second Scheduling Order of January 13, 2014, Plaintiff was advised that before the Court will issue an order to transport an incarcerated witness to trial, Plaintiff must file a motion stating the name, address, and prison identification number of such witness, and submit a declaration showing that the witness is willing to testify and has actual knowledge of relevant facts. (Doc. 131 at 2-3.) Plaintiff was advised that a prospective witness's actual knowledge of relevant facts can be shown by "a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness." (Id. at 3:17-18.)

**Plaintiff's Motion**

Plaintiff requests the attendance at trial of nine inmate witnesses who are currently incarcerated at CSP: Alton R. Garrett (J-05277), Suane Livas (AC-9131), Relaun Deadmon (D-88206), Roderick Daniel (P-18184), Orlando Archuleta (G-41555), Troy D. Maybon, Jr. (V-70737), Roy Bonner (AF-4261), Michael Webb (D-90567), and William B. Brown (T-58106). Plaintiff asserts that "[e]ach named witness ha[s] pertinent information of Corcoran corruption, racial discrimination, malious (*sic*) sadicted (*sic*) assaults and deaths while being housed inadequate[ly]." (Motion, Doc. 138 at 1:26-28.) Plaintiff states that through these witnesses' testimony, he intends to show corruption, disregard of prisoners' lives, racial discrimination, and use of excessive force by correctional officers when inmates demand adequate medical care. Plaintiff has submitted declarations by each of the prospective witnesses, as follow.

Alton R. Garrett's declaration, signed on May 13, 2013, concerns inadequate medical care received at CSP by the declarant and other unnamed inmates, due to deliberate indifference by prison officials and overcrowding. (Declaration of Garrett, Doc. 138 at 8-10.)

Suane Livas' declaration, signed on May 17, 2013, is the same form declaration as Mr. Garrett's. (Declaration of Livas, Doc. 138 at 11-13.)

Relaun Deadmon's declaration, signed on May 17, 2013, is the same form declaration as Mr. Garrett's. (Declaration of Deadmon, Doc. 138 at 14-16.)

///

Roderick Daniel's declaration, signed on May 17, 2013, is the same form declaration as Mr. Garrett's. (Declaration of Daniel, Doc. 138 at 17-19.)

Orlando Archuleta's declaration, signed on May 17, 2013, is the same form declaration as Mr. Garrett's. (Declaration of Archuleta, Doc. 138 at 20-22.)

Plaintiff submits four declarations by Troy Mabon, Jr. The first declaration, signed on July 11, 2013, concerns events occurring in 2013, in which Jamisi Calloway was refused ice or water pursuant to a "Stage 1 Heat Plan." (Declaration of Mabon, Doc. 138 at 23.) The second declaration, signed on June 27, 2013, concerns incidents occurring on May 28, 2013 during which Jamisi Calloway's blood pressure was low and he was not given ice "to bring his body temperature down," and on June 21, 2013, when Mabon's cell was contaminated by Calloway's blood. (Declaration of Mabon, Doc. 138 at 34-35.) The third declaration, signed on June 22, 2013, concerns an incident occurring on May 18, 2013, during which Mabon suffered an asthma attack and was taken to the hospital. (Declaration of Mabon, Doc. 138 at 36-37.) The fourth declaration, signed on July 16, 2013, concerns inadequate medical care and retaliation against Jamisi Calloway at CSP in 2013. (Declaration of Mabon, Doc. 138 at 38.)

William E. Brown's declaration, signed on July 27, 2013, concerns an incident occurring on May 18, 2013, during which inmate Troy Mabon suffered a seizure and was assaulted by C/O L. Cahlander. (Declaration of Brown, Doc. 138 at 24-26.)

Plaintiff submits two declarations by Michael Webb. The first declaration, which is undated, concerns an incident in which Webb witnessed the maltreatment of an inmate who was assaulted after he fell backwards, hit his head on the pavement, and "start[ed] shaking out of control." (Declaration of Webb, Doc. 138 at 27.) The second declaration, which is undated, concerns incidents occurring in 2012, during which Webb was harassed and assaulted by C/O L. Cahlander. (Declaration of Webb, Doc. 138 at 28-30.)

William Roy Bonner's declaration, signed on July 1, 2013, concerns an incident occurring on April 11, 2013, during which Bonner was assaulted by Sergeant N. Scaife and C/O M. Holguin. (Declaration of Bonner, Doc. 138 at 31-33.)

///

**Defendants' Opposition**

Defendants oppose Plaintiff's motion, arguing that none of the listed witnesses has any relevant information regarding the sole remaining issue in this litigation.  Defendants also argue that Plaintiff did not previously identify any of these witnesses under Rule 37(c).

**Discussion**

As Defendants have argued, none of the prospective witnesses' declarations submitted by Plaintiff demonstrates actual knowledge of relevant facts by the witness.  Plaintiff's case now proceeds only against defendants C/O W. Hayward and C/O J. Oaks, for use of excessive force in violation of the Eighth Amendment, based on an incident occurring on May 7, 2008 at CSP.  None of the prospective witnesses has described personal knowledge of facts relevant to the excessive force incident of May 7, 2008.  Therefore, Plaintiff's motion shall be denied.

### III.    CONCLUSION

Based on the foregoing, Plaintiff's motion for the attendance of incarcerated witnesses, filed on February 18, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **March 18, 2014**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE