UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI J. CALLOWAY,<br><br>            Plaintiff,<br><br>      vs.<br><br>C/O HAYWARD and<br><br>C/O OAKS,<br><br>            Defendants. | 1:08-cv-01896-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br>(ECF No. 172.) |

**I.      BACKGROUND**

Jamisi J. Calloway ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 10, 2008.  (ECF No. 1.)  This action now proceeds with Plaintiff's Third Amended Complaint filed on October 4, 2009, against defendants C/O Hayward and C/O Oaks, for excessive force in violation of the Eighth Amendment during events occurring on May 7, 2008, at Corcoran State Prison.  (ECF No. 20.)

This case is scheduled for jury trial to commence on January 31, 2017, before District Judge Lawrence J. O'Neill.  A telephonic trial confirmation hearing is scheduled for December 15, 2016 at 8:30 a.m., before District Judge Lawrence J. O'Neill.   A settlement conference is scheduled on December 21, 2016, before Magistrate Judge Gary S. Austin.

On September 6, 2016, Plaintiff filed a motion for attendance of incarcerated witnesses. (ECF No. 172.) On November 17, 2016, Defendants filed an opposition to the motion. (ECF No. 186.) Plaintiff has not filed a reply to the opposition. Plaintiff's motion is now before the Court. Local Rule 230(*l*).

## II.     ATTENDANCE OF INMATE WITNESSES AT TRIAL

On August 1, 2016, the Court issued the Second Scheduling Order advising Plaintiff of the requirements for bringing inmate witnesses to trial who voluntarily agree to testify. (ECF No. 164 ¶1.) Plaintiff was informed that the Court must issue an order before Plaintiff's incarcerated witnesses can come to court to testify. (Id.) The Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend, and (b) the prospective witness has actual knowledge of relevant facts. (Id.) Plaintiff was advised that he must file a Motion for Attendance of Incarcerated Witnesses, stating the name, address, and prison identification number of each such Witness, accompanied by a declaration by Plaintiff or each Witness, showing that each Witness is willing to testify and has actual knowledge of relevant facts. (Id.) The declaration must show that the prospective Witness was an eyewitness or ear-witness to relevant facts, and must be specific about the incident at issue in this case, including when and where it occurred, who was present, and how the prospective Witness happened to be in a position to see or hear what occurred at the time it occurred. (Id.)

## III.    PLAINTIFF'S MOTION

Plaintiff seeks to bring nine inmate witnesses to trial: (1) Alton R. Garrett; (2) Saune Livas; (3) Relaun Deadman; (4) Roderick Daniel; (5) Archuleta Orlando; (6) Troy D. Mayban, Jr.; (7) Roy Bonner; (8) Michael Webb; and (9) William Brown. Plaintiff has provided the names, CDCR numbers, and locations of all nine of the prospective witnesses. (ECF No. 172 at 3-5.) Plaintiff also submitted his own declaration, in which he states that "[e]ach [of the] named witnesses agreed and sweared (*sic*) through declaration under penalty of perjury if called they would testify of the willingness to appear if called to testify about Oaks and Howard['s] conduct as correctional officers." (Id. at 6.) In addition, Plaintiff filed the declaration of Alton R. Garrett, one of his prospective witnesses. (ECF No. 178.)

Defendants argue that Plaintiff has not shown how the presence of any of his nine incarcerated witnesses at trial will substantially further the resolution of this case. Defendants assert that Plaintiff's declaration fails to describe where any of the witnesses were located that would have placed them in a position to see or hear what transpired in the hospital. Defendants argue that the subject matter of the nine witnesses' expected testimony is not relevant to the excessive force claim at issue in this case. Defendants also argue that Alton R. Garrett's declaration fails to provide the detailed information required under the Second Scheduling Order, such as where Garrett was located and what, if anything, he saw on May 7, 2008.

## IV.  DISCUSSION

In his declaration, Plaintiff represents that each of the nine Witnesses will testify to first-hand abuse, corruption, racial discrimination and excessive force. However, Plaintiff only indicates that they will testify about their own experiences, not their personal knowledge of incidents concerning Plaintiff or specific acts against Plaintiff by Defendants in this action. For example, Plaintiff states that Alton Garrett "will testify to the first hand abuse, corruption, racial discrimination and excessive force after he demanded adequate housing and medical care at Corcoran State Prison #1." (Plaintiff's Decl., ECF No. 172 at 3 ¶1.) Such testimony is not relevant to Plaintiff's claims.[1]

Plaintiff submitted Alton Garrett's declaration, but submitted no declarations by any of the other prospective Witnesses. In his declaration, Garrett states his intention to appear as a witness against defendants Oaks and Hayward, and "to give relevant testimony of both Defendants' prior assaults on Plaintiff and myself." (Garrett Decl., ECF No. 178 at 1:20-11.) However, Garrett does not specify that he was an eyewitness or ear-witness to the assaults at issue in this case. Garrett has not given the specific information required to show that his testimony will support Plaintiff's claims against defendants Oaks and Hayward. To the extent that Garrett knows of assaults by Defendants that occurred prior to the assaults at issue, such

---

[1] "Evidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

evidence is inadmissible as character evidence under Federal Rule of Evidence 404, which provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait" and "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(a)(1), (b)(1).

Based on the foregoing, the Court finds that Plaintiff has not met the requirements of the Court's Second Scheduling Order for the Court to bring any of his incarcerated witnesses to testify at trial. Plaintiff has not shown that any of his prospective witnesses have actual knowledge of relevant facts in this case. Therefore, Plaintiff's motion shall be denied.

**V.    CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for attendance of incarcerated witnesses, filed on September 6, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **December 8, 2016**              /s/ Lawrence J. O'Neill
                                            UNITED STATES CHIEF DISTRICT JUDGE