UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI J. CALLOWAY,<br><br>       Plaintiff,<br><br>  vs.<br><br>C/O HAYWARD and<br><br>C/O OAKS,<br><br>       Defendants. | 1:08-cv-01896-LJO-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE REQUESTING FURTHER DISCOVERY AND NEW TRIAL DATE**<br>**(ECF No. 203.)** |

**I.    BACKGROUND**

Jamisi J. Calloway ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 10, 2008.  (ECF No. 1.)  This action now proceeds with Plaintiff's Third Amended Complaint filed on October 5, 2009, against defendants C/O Hayward and C/O Oaks, for use of excessive force in violation of the Eighth Amendment to the U.S. Constitution.  (ECF No. 20.)

This case is scheduled for jury trial to commence on January 31, 2017 at 8:30 a.m. before District Judge Lawrence J. O'Neill.  On January 9, 2017, Plaintiff filed a mislabeled

1

motion in limine in which he requested to reopen discovery and continue the trial. (ECF No. 203.) On January 17, 2017, Defendants filed an opposition. (ECF No. 216.)

## II. PLAINTIFF'S MOTION IN LIMINE

### A. Motion to Modify Scheduling Order -- Legal Standard

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The Court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). The court has broad discretion to permit or deny discovery. See Hallet v. Morgan, 296 F.3d 732, 751 (9th Cir. 2001.)

### B. Parties' Positions

Plaintiff requests the court to reopen discovery and reschedule the trial date, because Plaintiff asserts that Defendants have not turned over evidence to Plaintiff throughout discovery and the pretrial phase. Plaintiff seeks time to discover "personnel records, arrest records, felony convictions, dismissed claims, unrelated claims, individual claims, and Defendants involvement in other lawsuits or incidents alleging excessive force and CDCR indemnification of Defendants or [their] witnesses for any adverse judgment." (ECF No. 203 at 2:14-20.) Plaintiff argues that if this case goes to trial without Plaintiff viewing pertinent documents, he will be disadvantaged in his ability to cross-examine witnesses and impeach testimony. Plaintiff contends that Defendants deliberately withheld discovery to delay the case and thwart justice.

In opposition, Defendants argue there is no good cause to reopen discovery for Plaintiff to obtain the information he seeks, because Plaintiff has not been diligent in seeking the requested information. Defendants assert that none of Plaintiff's earlier discovery requests

included requests for information about Defendants' purported felony convictions, arrest records, or CDCR's indemnification of Defendants for any adverse judgment, and Plaintiff has not shown how the information would handicap his ability to cross examine witnesses at trial. Defendants assert that the court already gave Plaintiff an opportunity to provide a compelling need for information about dismissed claims, unrelated claims, and individual claims, and Plaintiff failed to respond, so the court determined that the discovery phase had concluded. (Sept. 27, 2012 Order, ECF No. 74 at 3:6-8; Nov. 15, 2012 Order, ECF No. 75 at 1:18-24.) Defendants also argue that Plaintiff has not shown that the information he seeks exists or is relevant and admissible. Defendants argue that reopening discovery and delaying trial would unfairly prejudice Defendants who are ready to proceed and have expended considerable resources in preparing for trial on January 31.

**C.      Discussion**

Plaintiff has not shown that even with the exercise of due diligence, he could not meet the requirements of the court's scheduling order. On June 14, 2011 (five and one-half years ago) the court issued a discovery and scheduling order, which established a deadline of February 14, 2012 for the parties to complete discovery, including motions to compel. (ECF No. 31.) On April 25, 2012, Plaintiff filed a motion to reopen discovery and serve new discovery requests on Defendants. (ECF No. 62.) On September 27, 2012, the court denied the motion to reopen discovery, without prejudice to renewal of the motion within thirty days, with submission of copies of the proposed discovery requests and information explaining Plaintiff's intent. (ECF No. 74.) Plaintiff did not renew the motion, and the discovery phase was closed. (ECF No. 75.) Plaintiff does not explain why he did not renew his motion to pursue further discovery following the court's order of September 27, 2012.

This case was filed more than seven years ago, on December 10, 2008. (ECF No. 1.) Plaintiff has had ample time and opportunity to conduct discovery, and Defendants would be unduly prejudiced if the January 31, 2017 trial were rescheduled at this late stage of the proceedings. Therefore, Plaintiff's motion in limine shall be denied.

///

///

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion in limine filed on January 9, 2017, is DENIED.

IT IS SO ORDERED.

    Dated:   **January 20, 2017**              /s/ Lawrence J. O'Neill
                                                  UNITED STATES CHIEF DISTRICT JUDGE