# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI J. CALLOWAY, | 1:08-cv-01896-LJO-GSA-PC |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTIONS IN LIMINE (ECF Nos. 207, 210.)** |
| v. | |
| C/O HAYWARD and | |
| C/O OAKS, | |
| Defendants. | |

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Jamisi J. Calloway ("Plaintiff"), a state prisoner proceeding pro se, brings this civil rights action under 42 U.S.C § 1983, against defendants Correctional Officer Hayward and Correctional Officer Oaks (collectively, "Defendants"), for use of excessive force in violation of the Eighth Amendment to the United States Constitution.

Plaintiff alleges as follows.  On May 7, 2008, at the California Substance Abuse Treatment Facility and State Prison ("SATF"), Plaintiff was escorted by wheelchair to the Emergency Room, which was ten to twenty blocks away from Plaintiff's housing unit.  At the E.R., Plaintiff was assaulted by Defendants.  As Plaintiff stood up from his wheelchair to be weighed, C/O Hayward grabbed Plaintiff's right bicep and began deliberately hurting him. Plaintiff released himself from C/O Hayward's tight grip. C/O Hayward jumped away in self-

defense and began striking Plaintiff in the head and face.  C/O Oaks struck Plaintiff on his back and head.  Plaintiff went in and out of consciousness and could not defend himself.  Plaintiff's handcuffs were taken off of one hand, and his other hand was stomped.  Both arms were twisted behind his back, and both shoulders were dislocated.

Defendants deny that they used excessive force against Plaintiff.

This case is scheduled for jury trial to commence on January 31, 2017.  Currently before the Court are Defendants' motions in limine filed on January 10, 2017.  (ECF Nos. 207, 210.)  On January 19, 2017, Plaintiff filed an opposition to the motions.  (ECF No. 217.)

The Court found the matters suitable for decision on the papers and took them under submission pursuant to Local Rule 230(g).  (See ECF No. 222.)  For the following reasons, the Court (1) GRANTS Defendants' motions in limine numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, and 14; (2) GRANTS IN PART and DENIES IN PART Defendants' motion in limine number 16;  (3) GRANTS IN PART Defendants' motion in limine number 12 and RESERVES the ruling in part; (4) DENIES without prejudice Plaintiffs' motion in limine number 18; and (5) DEFERS RULING on motions in limine numbers 15 and 17.

## II.   LEGAL STANDARDS

### A.   Motions in Limine

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n. 2 (1984).  "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence.  Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises. See, e.g., Brown v. Kavanaugh, No. 1:08-cv-01764-LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013)

(citing <u>Sperberg v. Goodyear Tire & Rubber, Co.</u>, 519 F.2d 708, 712 (6th Cir. 1975)); see also <u>In re Homestore.com, Inc.</u>, No. CV 01–11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (holding that motions in limine should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"). Some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine, and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. <u>Jonasson</u>, 115 F.3d at 440.

### B.   Federal Rules of Evidence

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. **Fed. R. Evid. 401**. "Irrelevant evidence is not admissible." **Fed. R. Evid. 402**. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. **Fed. R. Evid. 403**.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with their character." **Fed. R. Evid. 404(b)(1)**. "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." **Fed. R. Evid. 404(b)(2)**.

Evidence of offers to compromise and conduct or statements made during settlement negotiations about the claim are inadmissible to prove liability or amount of claim, or to impeach a prior inconsistent statement. **Fed. R. Evid. 408(a).**

"Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." **Fed. R. Evid. 411**.

"Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about." **Fed. R. Evid. 608(a)**. "If a witness's character for truthfulness is attacked by evidence of a criminal conviction for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, evidence of the criminal conviction must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." **Fed. R. Evid. 609(a)(1)(A)**.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. **Fed. R. Evid. 701.** "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; **(c)** the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. **Fed. R. Evid. 702.**

"Hearsay" means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. **Fed. R. Evid. 801(c).** "Hearsay is not admissible unless any of the following provides otherwise: • a federal statute; • these rules; or • other rules prescribed by the Supreme Court. **Fed. R. Evid. 802.**

///

///

///

### III.    ANALYSIS OF DEFENDANTS' MOTIONS IN LIMINE

#### 1.    First Motion in Limine

Defendants' first motion in limine seeks to preclude Plaintiff from referring to dismissed Defendants or claims and unrelated claims and individuals.  Plaintiff opposes the motion, arguing that the evidence is relevant to his claims and should be allowed under Rule 404(b) for proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  Plaintiff also argues that the evidence should be allowed under Rules 608 and 609, for impeachment during cross examination.

Defendants' motion is GRANTED.  Fed. R. Evid. 401, 402.  This case proceeds only on Plaintiff's excessive force claim against defendants Hayward and Oaks.  Testimony or evidence about dismissed Defendants or claims and unrelated claims and individuals is irrelevant and is excluded.

#### 2.    Second Motion in Limine

Defendants' second motion in limine seeks to preclude Plaintiff from offering hearsay medical opinions.  Plaintiff opposes the motion because he was denied expert witnesses in this case to offer medical opinions, and it would be unjust to preclude him from offering hearsay medical opinions under Rule 404(b).

Defendants' motion is GRANTED.   Fed. R. Evid. 701.  Plaintiff may not introduce evidence of statements made by medical providers not at trial unless the statements fall within a specific exception to the hearsay rule.  Plaintiff is not qualified to render an expert opinion on his medical issues.  Plaintiff may not testify as to any medical matter which requires scientific, technical, or other specialized knowledge, which generally includes any ultimate diagnosis, a cause and effect relationship, internal injuries, and interpretation of x-ray films or other medical records.  However, as a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition.

#### 3.    Third Motion in Limine

Defendants' third motion in limine seeks to preclude Plaintiff from making any reference to Defendants' involvement in other lawsuits or incidents.  Plaintiff opposes the

motion, arguing that he has a right to refer to Defendants' personnel files and all complaints against them from any and all sources relating to acts of aggressive behavior, violence, excessive force, attempted violence, racial and gender bias, sexual orientation bias, coercive conduct, and fabrication of charges and evidence.

Defendants' motion is GRANTED. Fed. R. Evid. 403, 404(b). Defendants' involvement in other lawsuits or incidents is not admissible to prove Defendants' character in order to show that on a particular occasion they acted in accordance with their character.  Moreover, the Court finds that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice to Defendants.  Therefore, Plaintiff may not refer to Defendants' involvement in other lawsuits or alleged incidents of assault or excessive force.

### 4.      Fourth Motion in Limine

Defendants' fourth motion in limine seeks to preclude Plaintiff from offering his interpretation or opinion of various CDCR and Corcoran regulations and policies.  Defendants anticipate that Plaintiff will attempt to offer opinion testimony about his interpretation of Defendants' and other staff members' compliance with CDCR regulations and procedures. Plaintiff opposes the motion, asserting that he is proceeding pro se and was denied expert witnesses.  Plaintiff argues that he should be allowed to offer his interpretation or opinion of various CDCR Regulations and policies.

Defendants' motion is GRANTED. Fed. R. Evid. 701.  Plaintiff is not qualified to give his opinions about the CDCR's regulations and policies, their intent, whether Defendants followed them, or what Defendants should have done instead.

### 5.      Fifth Motion in Limine

Defendants' fifth motion in limine seeks to preclude Plaintiff from making references to alleged racial discrimination that does not directly pertain to this action.  Plaintiff opposes the motion, arguing that he has a right to bring evidence of alleged racial discrimination by Defendants not pertaining to this action, because it is relevant to the moral turpitude of Defendants in acting with excessive force.

///

Defendants' motion is GRANTED.  Fed. R. Evid. 401, 402, 403, 404(b).  The probative value of the evidence Plaintiff seeks to bring is substantially outweighed by a danger of unfair prejudice to Defendants.  Moreover, this case only proceeds on Plaintiff's claims of excessive force, so evidence of racial discrimination is irrelevant to Plaintiff's claims. Plaintiff's equal protection claim was dismissed from this case.  Therefore, Plaintiff is precluded from bringing evidence at trial to show racial discrimination by Defendants.

### 6.      Sixth Motion in Limine

Defendants' sixth motion in limine seeks to exclude evidence or testimony of offers to compromise.  Defendants seek to preclude Plaintiff from offering or eliciting testimony or mentioning in front of the jury any offers to compromise or statements made during settlement negotiations.  Defendants argue that this evidence is inadmissible under Rule 408, irrelevant to any issue in the case, and prejudicial to Defendants because a party may offer to settle a case for reasons completely unrelated to the merits of the case.  Plaintiff opposes the motion, arguing that he should be allowed to discuss the dollar amounts offered by the parties to settle the case, to show that Defendants tried to minimize their responsibility for the excessive force conduct.

Defendants' motion is GRANTED.  Although Plaintiff questions Defendants' motives in participating in settlement negotiations, Defendants are entitled to an order precluding any evidence or mention of settlement-related issues or offers to compromise.

### 7.      Seventh Motion in Limine

Defendants' seventh motion in limine seeks to exclude evidence that the state may pay the judgment or reimburse Defendants if judgment is rendered against them.  Defendants argue that such evidence is inadmissible under Rule 411, is irrelevant to the issues in this case, and is prejudicial to Defendants because a jury is more inclined to deliver a verdict against a defendant if it believes that he is indemnified, as opposed to the defendant alone being required to satisfy the judgment.   Plaintiff opposes the motion because the jury should be able to find out that CDCR tends not to hold their employees accountable for findings of guilt for using excessive force.

Defendants' motion is GRANTED.   Fed. R. Evid 411. The court concurs with Defendants that such evidence is inadmissible, irrelevant, and prejudicial to Defendants.

**8.      Eighth Motion in Limine**

Defendants' eighth motion in limine seeks to preclude Plaintiff from making reference to allegedly antagonistic statements attributed to defendant Hayward during the escort from the housing unit to the hospital.  Defendants argue that such evidence should be excluded under Rule 403 as more prejudicial than probative, and that Plaintiff has not claimed that the alleged use of excessive force was motivated by racial bias.  Plaintiff opposes the motion, arguing that the statements are relevant to the discriminatory conduct which led to excessive force being used against Plaintiff.  Plaintiff argues that such conduct is in violation of CDCR policy and procedure which prohibits inmates and employees from disrespecting others or inciting violence.

Defendants' motion is GRANTED.   Fed. R. Evid. 403.   Evidence of antagonistic statements made by either of the Defendants is precluded at trial because the probative value of such evidence is substantially outweighed by the possibility of unfair prejudice to Defendants.

**9.      Ninth Motion in Limine**

Defendants' ninth motion in limine seeks to exclude references to alleged sexual assault or other alleged instances of excessive force by peace officers against Plaintiff.  Defendants argue that such evidence is irrelevant to the excessive force claim at issue in this case, and such evidence would be unfairly prejudicial to Defendants under Rules 401 and 403.   Plaintiff opposes the motion because past acts by CDCR officers are relevant to the reason that Plaintiff was singled out for excessive force.

Defendants' motion is GRANTED.   Fed. R. Evid. 401, 402, 403.   Evidence of sexual assault or excessive force incidents by Defendants or other officers against Plaintiff, other than the incident at issue, are not relevant facts of consequence to determining whether Defendants acted against Plaintiff on May 7, 2008.   Further, the probative value of such evidence is outweighed by the danger of unfair prejudice to Defendants.

///

8

**10.      Tenth Motion in Limine**

Defendants' tenth motion in limine seeks to preclude Plaintiff from making allegations about officers falsifying documents, pursuant to Rules 402, 403, and 404.  Plaintiff opposes the motion, arguing that he should be able to introduce evidence that Defendants and other officers cover up evidence to justify their use of force and hide the truth of what really happened on May 7, 2008 after the excessive force incident.

Defendants' motion is GRANTED.   Fed. R. Evid. 402, 403, 404.   Evidence of falsification of documents after the excessive force incident on May 7, 2008, is not relevant to whether Defendants used excessive force, and shall not be allowed.   In the event that such evidence is found to have relevance to Plaintiff's claims, the evidence shall be precluded on issues of possible indication of guilt or liability by Defendants.

**11.      Eleventh Motion in Limine**

Defendants' eleventh motion in limine seeks to limit Plaintiff's reliance on Dr. Wang's written testimony responses, because Dr. Wang was dismissed from this case in 2013 and therefore his written discovery responses constitute inadmissible hearsay.  Defendants argue that such evidence is inadmissible and may not be used except to impeach Dr. Wang, if he testifies.  Plaintiff opposes the motion, arguing that evidence of Dr. Wang's failure to house him and treat his serious medical needs is relevant to the excessive force incident of May 7, 2008, because it shows the frustration of officers not being trained to deal with high risk medical patients.

Defendants' motion is GRANTED.  Fed. R. Evid. 401, 402, 608.  Dr. Wang's written testimony concerning his failure to house Plaintiff or failure to provide adequate medical care is inadmissible hearsay and is not relevant to whether defendants Hayward and Oaks used excessive force against Plaintiff on May 7, 2008.  However, under Rule 608, such evidence may be used to impeach Dr. Wang if he testifies.

**12.      Twelfth Motion in Limine**

Defendants' twelfth motion in limine seeks to preclude Plaintiff from offering opinion testimony concerning his medical records or medical condition, pursuant to Rules 701 and 702

of the Federal Rules of Evidence.  Plaintiff opposes the motion, arguing that he should be permitted to offer such evidence, because he has personal knowledge of the facts of his medical records and conditions, and he will be prejudiced because the Court denied him an expert witness.

Defendants' motion is GRANTED in part, with the ruling RESERVED in part.  Fed. R. Evid. 701.  As for Plaintiff's interpretation of x-ray films or other medical records, Plaintiff does not have the scientific, technical, or other specialized knowledge to give his opinions. Therefore, testimony by Plaintiff interpreting his medical records shall be precluded.  As for Plaintiff's testimony about or offering of evidence concerning his medical condition, the Court shall reserve a ruling until questioning or testimony at trial.  As a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition.

### 13.      Thirteenth Motion in Limine

Defendants' thirteenth motion in limine seeks to preclude Plaintiff from offering testimony or evidence about his alleged history of chest pains or the adequacy of care provided at CDCR health care facilities, because such evidence is irrelevant to whether Defendants used excessive force against him on May 7, 2008.  Plaintiff opposes the motion, arguing that evidence of his distress from health issues before Defendants used excessive force is relevant to show Defendants' motive for disregarding Plaintiff's health prior to the use of excessive force on May 7, 2008.

Defendants' motion is GRANTED.  Fed. R. Evid. 401, 402.  This case now proceeds only on Plaintiff's claim that Defendants used excessive force against him.  Whether Plaintiff has a history of chest pains or whether CDCR facilities provided adequate medical care to Plaintiff or other inmates is irrelevant to whether excessive force was used.  Any motive that Defendants had for disregarding Plaintiff's health before they used excessive force against him is not relevant to his claim for excessive force.

### 14.      Fourteenth Motion in Limine

Defendants' fourteenth motion in limine seeks to preclude any and all references to allegations of excessive force or injuries and staging of inmate fights not directly relevant to

this action, pursuant to Rules 401, 403, and 404(b). Plaintiff opposes the motion, arguing that it shows a pattern of behavior at CDCR's Corcoran State Prison. Plaintiff argues that these bad acts show the criminal thinking of Corcoran officers and Defendants' similar conduct. Plaintiff also argues that such evidence shows Defendants' motive and opportunity in staging their attack against Plaintiff on May 7, 2008, after isolating him away from his housing unit and witnesses.

Defendants' motion is GRANTED. Fed. R. Evid. 410, 402, 403, 404. Evidence of excessive force, injuries, or staging of inmate fights by Defendants that are unrelated to Defendants' use of excessive force on May 7, 2008, are excluded as unfairly prejudicial to Defendants. In addition, such evidence is inadmissible to prove Defendants' character in order to show that on May 7, 2008, they acted in accordance with their character. However, such evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

### 15. Fifteenth Motion in Limine

Defendants' fifteenth motion in limine seeks to exclude Plaintiff's trial exhibits on the exhibit list provided in Plaintiff's pretrial statement. Defendants identify five categories or entries on the exhibit list: (1) California State Prison-Corcoran Acute Care Hospital-Radiology Report for Jamisi J. Calloway, (2) Physician's Orders and Medication Signed by Dr. Wang, (3) Mr. Calloway's medical records, (4) Mr. Calloway's mental health records, and (5) Mr. Calloway's RVR Appeal Forms and Records. Defendants object to the use of unauthenticated documents; documents identified by Defendants as potential trial exhibits, trial exhibits, or joint exhibits; irrelevant hearsay records; Plaintiff's health records; and all other documents subject to applicable objections. Plaintiff opposes the motion, asserting that he is proceeding pro se and the only trial exhibits he has are records provided to him by the State.

The Court shall defer its ruling on this motion in limine until trial, after the parties have submitted their trial exhibits.

///

///

### 16.    Sixteenth Motion in Limine

Defendants' sixteenth motion in limine seeks leave under Rule 403 to introduce evidence of Plaintiff's prior convictions and length of sentence, for impeachment purposes, including that Plaintiff is serving a life sentence for his 2002 felony conviction in Contra Costa County for attempted voluntary manslaughter, assault with a firearm, and attempted carjacking. Defendants assert that they do not seek to introduce evidence or facts of Plaintiff's specific crimes, but rather to elicit testimony about the dates of his convictions and length of incarceration.  Plaintiff opposes the motion, objecting that his prior convictions and the length of his sentence have nothing to do with this civil action, and he is not a defendant on trial. Plaintiff requests that if the Court grants this motion in limine, the Court allow Plaintiff to offer evidence of his actual innocence.

Defendants' motion is GRANTED IN PART and DENIED IN PART.  Fed. R. Evid. 403, 609.   Defendants are granted leave under Rule 609 to introduce evidence, for impeachment purposes, that Plaintiff was convicted of one of more felonies.   However, Defendants are denied leave to introduce evidence of the dates of Plaintiff's convictions or the length of his sentence.  Plaintiff is not permitted to offer evidence of his innocence.

### 17.    Seventeenth Motion in Limine

Defendants' seventeenth motion in limine seeks to exclude testimony from Plaintiff's experts and require an offer of proof before their testimony.  Plaintiff opposes this motion, arguing that such testimony should not be excluded, asserting that he is proceeding pro se and has been continually denied the appointment of expert witnesses on his behalf.

The Court shall defer a ruling on this motion in limine until trial.  No expert witnesses have been subpoenaed, and the Court shall defer its ruling until the Court knows whether these witnesses will appear.

### 18.    Eighteenth Motion in Limine

Defendants' eighteenth motion in limine seeks to dismiss this case for Plaintiff's failure to exhaust administrative remedies before filing suit.  (ECF No. 207.)  Plaintiff opposes the

///

motion, arguing that he exhausted all of his available remedies before filing suit.  (ECF No. 217 at 19-20 ¶XVIII.)

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

This motion is DENIED without prejudice, pending any factual finding by the jury. Defendants may renew their motion post verdict.

## IV.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Defendants' motions in limine numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, and 14 are GRANTED;

2.    Defendants' motion in limine number 16 is GRANTED IN PART and DENIED IN PART;

3.    Defendants' motion in limine number 12 is GRANTED IN PART, with the ruling RESERVED IN PART;

4.    Defendants' motion in limine number 18 is DENIED without prejudice; and

5.    The rulings on motions in limine numbers 15 and 17 are DEFERRED.


IT IS SO ORDERED.

Dated:   __January 24, 2017__          _____/s/ Lawrence J. O'Neill_____
                                      UNITED STATES CHIEF DISTRICT JUDGE